**Paul T. Cullen, Esq. Cal SB#193575**
**THE CULLEN LAW FIRM, APC**
**19360 Rinaldi Street, Box 647**
**Porter Ranch, CA 91326**
**Tel: (818) 360-2529; (818) 338-8915**
**Fax: (866) 794-5741**
**paul@cullenlegal.com**

Attorneys for Plaintiff Nora Ledesma

### IN THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| NORA LEDESMA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CSX INTERMODAL TERMINALS, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | **CASE NO. 3:16-cv-05237-EDL**<br>Hon. Elizabeth D. Laporte<br><br>**PLAINTIFF NORA LEDESMA'S OPPOSITION TO DEFENDANT CSX INTERMODAL TERMINALS, INC.'S MOTION TO DISMISS ALL CAUSES OF ACTION OR, ALTERNATIVELY, MOTION TO STRIKE CERTAIN PORTIONS OF THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  June 13, 2017<br>Time: 9:00 a.m.<br>Place: Crtrm of the Hon. Elizabeth D. Laporte, Crtrm E – 15th Floor, 450 Golden Gate Ave., San Francisco, CA 94102<br><br>Case filed: March 10, 2016<br>Removal Date: August 12, 2016<br>Trial Date: None set |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Defendant CSX Intermodal Terminals, Inc. (hereinafter "Defendant") brought the instant motion to dismiss all of Plaintiff Nora Ledesma's (hereinafter "Plaintiff") causes of action, essentially attempting to have this be a makeshift motion for summary judgment. Ironically, Defendant makes factual arguments while simultaneously arguing that the facts asserted by Plaintiff in the Complaint are conclusory.  Although Plaintiff agrees that, as the relationship between the parties presently stands (i.e. Plaintiff no longer works for Defendant and Defendant has ceased operations), her claims for injunctive relief are no longer appropriate, Plaintiff disagrees with the balance of Defendant's motion for the reasons set forth below.

### II.     LEGAL STANDARD

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) challenges to the sufficiency of the pleadings set forth in the complaint. The Court may only dismiss a case pursuant to Fed.R.Civ.P. 12(b)(6) where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1990).  In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint in question, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD. v. Behrens,* 546 F.3d 580, 588 (9th Cir.2008); *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404, *reh'g denied,* 396 U.S. 869, 90 S.Ct. 35, 24 L.Ed.2d 123 (1969).

Plaintiff only needs to allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss.  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the

plaintiff to relief." *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir.2009).

On a motion to dismiss under Rule 12(b)(6), this Court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *al-Kidd v. Ashcroft,* 580 F.3d 949, 956 (9th Cir.2009). Courts must also assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified School Dist.,* 37 F.3d 517, 521 (9th Cir.1994). Of course, Courts are not bound to accept as true allegations that are legal conclusions, even if cast in the form of factual allegations. *See Ashcroft v. Iqbal,* 129 S.Ct. at 1951. *See also Ybarra v. John Bean Technologies Corp.* (E.D. Cal., Apr. 27, 2011, No. CV-F-11-0288 LJO SMS) 2011 WL 1596121, at *3. Notably, however, *Twombly* does not require that plaintiffs prove their case or include every factual detail in support of their claims in their complaints. *Id.* at *4.

### III.    EMPLOYER-EMPLOYEE STATUS

If the Court, in fact, draws inferences from Plaintiff's allegations in the light most favorable to the Plaintiff, and assumes that her somewhat general allegations embrace whatever specific facts might be necessary to support them, there is no question that Plaintiff has satisfied her obligation to present a *prima facie* case of an employer-employee relationship. "Any person rendering service for another, other than as an independent contractor, or as expressly excluded by the provisions of the act, is presumed to be an employee." *Hillen v. Industrial Acc. Commission* (1926) 199 Cal. 577, 580. That allegation, i.e. rendering service for another, constitutes all the allegations that are necessary to establish a *prima facie* case. Where, as here, a plaintiff has alleged that she provided services to the employer, the plaintiff has established a *prima facie* case that an employer-employee relationship existed. *See Robinson v. George,* 16 Cal.2d 238, 105 P.2d 914, 917 (1940). Ironically, Defendant specifically identifies the very allegations set forth in the Complaint that aver that she **provided services** to the employer. (*See* Mtn. at 9 of 16, lines 4-5, i.e. "(2) 'Plaintiff worked for Defendants . . .' Compl. ¶ 13. (3) 'Plaintiff was employed by Defendants as a truck driver.' Compl. ¶ 14" (emphasis added).) It is somewhat difficult to fathom how much more detailed one must be to satisfy Defendant in this

1    regard.  Clearly there is a disagreement between the parties as to whether or not the facts will

2    ultimately support Plaintiff's allegations of employee status, but dismissal at the outset as sought

3    by Defendant here, is entirely inappropriate.  Independent contractor status is an affirmative

4    defense to a lawsuit by a putative employee.  As such, Plaintiff is not required to plead she was

5    not an independent contractor; rather, Defendant must affirmatively plead that she was an

6    independent contractor.  There is certainly adequate factual content here (alleging the provision of

7    services to an employer), from which reasonable inferences may be made, that plausibly suggest a

8    claim that entitles Plaintiff to relief.  Even if the Court disagrees with Plaintiff, Plaintiff could

9    easily remedy this issue by way of amendment and should be granted leave to do so.

10        "Once the employee establishes a prima facie case, the burden shifts to the employer,

11   which may prove, if it can, that the presumed employee was an independent contractor." *Narayan*

12   *v. EGL, Inc.,* 616 F.3d 895, 900 (9th Cir.2010).  *Hennighan v. Insphere Insurance Solutions, Inc.*

13   (N.D. Cal. 2014) 38 F.Supp.3d 1083, 1097, *aff'd* (9th Cir. 2016) 650 Fed.Appx. 500.  This

14   presumption of employee status is so strong that the Ninth Circuit has made it abundantly clear

15   that dismissing a case that turns on the issue of independent contractor status versus employee

16   status, even on summary judgment, is particularly difficult to justify.

17        The Ninth Circuit has observed that, given California's "multi-faceted test" for
     employee status, and given the presumption in favor of employee status under

18        California law, establishing independent contractor status as a matter of law
     presents a "particularly difficult" hurdle. *Narayan,* 616 F.3d at 900. Even though

19        in *Narayan* many of the underlying facts were undisputed, the Ninth Circuit
     concluded it could not "readily say ... that the 'ultimate conclusion as to whether

20        the workers are employees or independent contractors' is one of law." *Id.* at 901
     (quoting *Lauritzen,* 835 F.2d at 1543). Likewise, in *Arzate v. Bridge Terminal*

21        *Transport Inc.,* 192 Cal.App.4th 419, 121 Cal.Rptr.3d 400 (2011), the California
     Court of Appeal reversed a trial court's grant of summary judgment in favor of a

22        transportation company where there was little dispute about the underlying facts.
     The court noted that even though there was little indication the company controlled

23        the "manner and means" by which its drivers hauled their loads, several of the
     secondary factors weighed in favor of employee status. *Id.* at 405. The court

24        concluded that weighing this "competing, if not necessarily conflicting, evidence"
     fell within the province of a trier of fact. *Id.*

25

26   *Cotter v. Lyft, Inc.* (N.D. Cal. 2015) 60 F.Supp.3d 1067, 1077.  That being said, if the Ninth

27   Circuit is so reticent to dispense with cases revolving around independent contractor versus

28   employee status on summary judgment, how then is it appropriate for this Court to strike such

1  allegations as "immaterial" and "impertinent" matters pursuant to F.R.C.P. Rule 12(f) without

2  any evidence at all?  The answer is simple.  There is no good basis for doing so, and Defendant's

3  motion in this regard should be summarily denied.

4  **IV.   DISGORGEMENT OF PROFITS AND INJUNCTIVE RELIEF**

5         With respect to Defendant's motion as it pertains to the request for injunctive relief and

6  disgorgement of profits, given the current relationship between the parties, Plaintiff no longer

7  being actively employed by Defendant, and Defendant having ceased its operations where

8  Plaintiff was employed, Plaintiff agrees that injunctive relief is no longer appropriate.  Plaintiff

9  does not oppose those items being stricken without prejudice.  However, as for disgorgement of

10 profits, Plaintiff is not seeking non-restitutionary disgorgement of profits. She is only seeking that

11 which was improperly withheld from her. As such, disgorgement would be proper, since it is only

12 being requested to the extent it provides restitution – nothing more.

13 **V.   ATTORNEY'S FEES**

14        "Under California Code of Civil Procedure § 1021.5 ["CCP"], the court may award

15 attorney fees to a successful litigant in a UCL action that, among other things, confers "a

16 significant benefit" on the general public or a large class of persons." *Jackson v. Sturkie* (N.D.

17 Cal. 2003) 255 F.Supp.2d 1096, 1107–08.  Plaintiff has sought fees pursuant to that code section.

18 At the conclusion of this case, for Plaintiff to be awarded fees pursuant to CCP §1021.5, she will

19 have to demonstrate that she has, in fact, conferred a significant benefit on the general public or a

20 large class of persons.  Defendant, however, asks this Court to divest her of the opportunity to

21 make such a factual showing at the outset of litigation, before any facts have been considered. If

22 she is able to demonstrate through her efforts in this case, that the putative class in the related,

23 putative class action before this very Court (i.e. *Valadez et al. v. CSX Intermodal Terminals, Inc.,*

24 Case No.: 3:15-cv-05433-EDL) were also employees of the Defendant and thus entitled to the

25 protections of California's laws protecting employees, Plaintiff may well succeed in

26 demonstrating that she has, in fact, conferred a benefit on a large class of persons as us required

27 to be awarded fees under CCP §1021.5.

28 ///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

Both of the unreported cases cited by Defendant for the proposition that Plaintiff's prayer for attorney's fees should be stricken here are readily distinguishable. In both cases, i.e. *Bioriginal Food and Science Corp. v. Biotab Nutraceuticals Inc.* (C.D. Cal., Dec. 13, 2013, No. CV13-5704 CAS EX) 2013 WL 6572573 and *Logan v. VSI Meter Services, Inc.* (S.D. Cal., July 13, 2011, No. 10CV2478 L WMC) 2011 WL 2729069), the courts specifically noted that plaintiffs had failed to provide <u>any</u> explanation as to why they should be entitled to attorney's fees. *See Bioriginal, supra,* 2013 WL 2672573 at *7 and *Logan, supra,* 2011 WL 2729069 at *5. That is not the case here.  It has just been provided.  Not only was there no contractual fee shifting provision in those cases, the oppositions to the motions to strike were devoid explanation as to why plaintiff could be entitled to recover attorney's fees.  Here, there is good reason to believe that, if Plaintiff is successful in her efforts to dispense with Defendants affirmative defense of independent contractor status, those efforts may be a real benefit to the putative class in the *Valadez* matter. Accordingly, the request to strike attorney's fees should be denied.  If the Court considers it appropriate for CCP § 1021.5 to be pleaded specifically as the statutory basis for the fees request in the complaint, then Plaintiff should be granted leave to file an amended complaint to resolve this issue.

17

**VI.  <u>CONCLUSION</u>**

18
19
20
21
22

While Plaintiff concurs with Defendant that the request for injunctive relief is no longer necessary, and it may be appropriately stricken without prejudice, in light of the foregoing analysis, the balance of Defendant's motion should be denied.  And, as noted above, if the Court disagrees with Plaintiff's position, she should be provided the opportunity to amend to cure any deficiency.

23
24
25
26
27
28

DATED:        May 11, 2017               THE CULLEN LAW FIRM, APC


                                         By:    */s/ Paul T. Cullen*
                                                Paul T.  Cullen
                                                Attorneys for Plaintiff Nora Ledesma

1

## CERTIFICATE OF SERVICE

2

3

        The undersigned hereby certifies pursuant to 28 U.S.C. § 1746 that a true and correct copy

4

of the foregoing document was filed electronically with the Clerk of Court at my direction using

5

the CM/ECF system, which will send notification of such filing to all counsel of record on the

6

11th day of May, 2017.  The names street address or electronic address of the persons served are

7

as follows:

8

HOLLAND & KNIGHT LLP
9
LINDA AUERBACH ALLDERDICE (SBN 81275)
JOHN H. HANEY (SBN 299970)
10
400 South Hope Street, 8th Floor
Los Angeles, California 90071
11
Telephone:  (213) 896-2400
Facsimile:  (213) 896-2450
12
Email: linda.allderdice@hklaw.com
13
        john.haney@hklaw.com

14

I declare under penalty of perjury under the laws of the United States of America that the

15

foregoing is true and correct.  Executed on May 11, 2017.

16

17                                      By:    /s/ Paul T. Cullen
                                               Paul T. Cullen, Attorneys for Plaintiff
18

19

20

21

22

23

24

25

26

27

28