Linda Auerbach Allderdice (State Bar No. 81275)
linda.allderdice@hklaw.com
John H. Haney (State Bar No. 299970)
john.haney@hklaw.com
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Telephone:    +1.213.896.2400
Facsimile:    +1.213.896.2450

Amanda C. Sommerfeld (State Bar No. 185052)
asommerfeld@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071.2300
Telephone:    +1.213.489.3939
Facsimile:    +1.213.243.2539

Allison E. Crow (State Bar No. 279078)
acrow@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:    +1.415.626.3939
Facsimile:    +1.415.875.5700

Attorneys for Defendant
CSX INTERMODAL TERMINALS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **NORA LEDESMA, an individual,**<br><br>Plaintiff,<br><br>v.<br><br>**CSX INTERMODAL TERMINALS, INC.,** a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>**Defendants.** | Case No. 3:16-cv-05237-EDL<br><br>**DEFENDANT CSX INTERMODAL TERMINALS, INC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS ALL CAUSES OF ACTION OR, ALTERNATIVELY, MOTION TO STRIKE CERTAIN PORTIONS OF THE COMPLAINT** |

## I. INTRODUCTION

In its Motion, CSX Intermodal Terminals, Inc. ("CSXIT") demonstrated (i) that the Complaint of plaintiff Nora Ledesma ("Plaintiff") should be dismissed because it fails to allege any facts supporting the existence of an employment relationship between Plaintiff and CSXIT; and (ii) alternatively, that the Complaint's request for injunctive relief and attorneys' fees should be stricken. (*See* Dkt. No. 37.) In her Opposition (Dkt. No. 40), Plaintiff fails to address the substantial authority demonstrating that her conclusory allegations of an employment relationship cannot survive a motion to dismiss. Instead, she relies on standards that are only relevant to workers' compensation disputes and on cases only relevant at the summary judgment stage of a case. Her opposition misses the mark and CSXIT's motion to dismiss should be granted.

With respect to CSXIT's motion to strike, Plaintiff admits that injunctive relief is not appropriate (and thus should be stricken), and argues entitlement to fees based on a statute that does not apply to her case. For the reasons set forth in the Motion and below, CSXIT's Motion is well taken and should be granted.

## II. CSXIT'S MOTION TO DISMISS SHOULD BE GRANTED

Plaintiff's Complaint lacks any factual allegation to support her conclusory statements that she was an "employee," or that CSXIT was her "employer." Because the California Labor Code provisions at issue apply only to "employees" and not "independent contractors," this is fatal to her Complaint. *Stanley v. Bobo Const., Inc.*, No. 14-cv-00035 JAM-EFB, 2014 WL 1400957, at *2 (E.D. Cal. Apr. 10, 2014) ("Plaintiff . . . was a subcontractor and he has not alleged that he was misclassified as an independent contractor. Accordingly, Section[] 6310 . . . do[es] not apply."); *see also Ladden v. Foothill-De Anza Cmty. Coll. Dist.*, No. 114CV271970, 2016 WL 6651382, at *14 (Cal. Ct. App. Nov. 10, 2016) ("[W]e are aware of no decisions that have extended Labor Code section 6310's protections against retaliation to *any nonemployee*[.]") (emphasis in original). In its Motion, CSXIT presented a wall of authorities demonstrating that her conclusory allegations of employment are insufficient and warrant dismissal. *See Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 682–85 (9th Cir. 2009); *Ybarra v. John Bean Techs. Corp.*, No. CV-F-11-0288 LJO SMS, 2011 WL 1596121, at *4 (E.D. Cal. Apr. 27, 2011); *Michaluk v.*

- 1 -

REPLY IN SUPPORT OF MOTION TO DISMISS, OR ALTERNATIVELY, MOTION TO STRIKE
Case No. 3:16-cv-05237-EDL

1   *Vohra Health Servs., P.A.*, No. CIV S-12-1162 KJM CKD, 2012 WL 3993940, at *2–3 (E.D. Cal.
2   Sept. 11, 2012); *see also Bowerman v. Field Asset Servs., Inc.*, No. 13-cv-00057-WHO, 2014 WL
3   4676611, at *8 (N.D. Cal. Sept. 17, 2014).

4       Plaintiff fails to address any of this on-point authority. Instead while conceding
5   (Opposition at p. 2) that her allegations are "somewhat general," Plaintiff asserts (*id.*) that her
6   general allegation of "rendering service" is sufficient to plead the existence of an employment
7   relationship and avoid dismissal. Not so.

8       <u>First</u>, in making her "rendering service" assertion, Plaintiff relies on the definition of
9   "employee" from the Labor Code's workers' compensation division—a definition that is not
10  applicable to the allegations in her Complaint (and in fact differs materially from the standards
11  applicable to her claims). This would have been clear on the face of Plaintiff's Opposition had
12  Plaintiff not omitted key language in citing her lead case, *Hillen*:

13          *By the terms of the Workmen's Compensation Law* (Stats. 1917, p.
14          831) 'every person in the service of an employer . . . under any
15          appointment or contract of hire' is an employee. (Sec. 8a.) Any
16          person rendering service for another, other than as an independent
17          contractor, or as expressly excluded by the provisions of the act, is
18          presumed to be an employee. (Sec. 8b.)

19  *Hillen v. Indus. Accident Comm'n*, 199 Cal. 577, 580 (1926) (emphasis added); *see also Robinson*
20  *v. George*, 16 Cal. 2d 238, 242 (1940) (citing to *Hillen* on the definition of an employee). This
21  definition is expressly limited to the workers' compensation division of the Labor Code. *See* Cal.
22  Labor Code § 3350 ("Unless the context otherwise requires, the definitions set forth in this article
23  shall govern the construction and meaning of the terms and phrases used in this division.").

24      Moreover, Plaintiff alleges no facts to support employee status under the correct standards.
25  Plaintiff claims that she is protected as an employee under Labor Code Sections 6310 and 6311;
26  courts analyzing such claims look to the common law standards to determine whether an
27  employment relationship exists. *See, e.g. Lujan v. Minagar*, 124 Cal. App. 4th 1040, 1049 (2004).
28  Under the common law standard, "[t]he essence of that test is the 'control of details'—that is,

1 whether the principal has the right to control the manner and means by which the worker

2 accomplishes the work[.]" *Michaluk*, 2012 WL 3993940, at *3; *see also Doe I*, 572 F.3d at 682

3 ("The key factor to consider in analyzing whether an entity is an employer is the 'right to control

4 and direct the activities of the person rendering service, or the manner and method in which the

5 work is performed.'"); *S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, 48 Cal. 3d 341,

6 350–51 (1989) (setting out common law analysis for employee relationship). And case law

7 confirms that where, as here, the common law standard applies, allegations such as those

8 proffered by Plaintiff, devoid of any facts plausibly supporting the existence of the requisite

9 control, are legally insufficient to plead employee status. (Motion at pp. 3–5.) Indeed, courts

10 routinely grant motions to dismiss where plaintiffs plead allegations even more detailed than

11 Plaintiff's here. (*Id.*) As such, the Complaint fails to state a claim upon which relief can be

12 granted.[1]

13 <u>Second</u>, Plaintiff misses the mark with the remainder of her argument regarding employee

14 status. Rather than address cases on the relevant pleading standards for an employment

15 relationship, Plaintiff cites a number of summary judgment cases that analyze whether a plaintiff

16 presented sufficient evidence of employment status before shifting the burden to the defendant to

17 establish independent contractor status. (Opposition at pp. 3–4.) These standards are simply not

18 relevant to this inquiry under Rule 12(b)(6), where no discovery has taken place and Plaintiff has

19 yet to "establish" any sort of "*prima facie* case." (*Id.*) Curiously, Plaintiff apparently cites these

20 cases for the proposition that the Court cannot "strike such allegations as 'immaterial' and

21 'impertinent' matters . . . without any evidence at all." But CSXIT did not move to strike

---

[1] Even assuming, *arguendo*, that Plaintiff was correct in using the "rendering service" definitions to determine her employment status in this case (which she is not), her argument still fails. Plaintiff's allegation of "rendering service" is equally consistent with independent contractor status. In fact, the workers' compensation statute to which she points uses that exact phrasing in defining independent contractors. *See, e.g.*, Cal. Lab. Code § 3353 ("'Independent contractor' means any person who renders service for a specified recompense for a specified result, under the control of his principal as to the result of his work only and not as to the means by which such result is accomplished."). Given this alternative explanation, Plaintiff's reference to "rendering services"—equally applicable to an employee or an independent contractor—does not make her Complaint either plausible or viable. *See Ashcroft v. Iqbal,* 556 U.S. 662, 679, 682 (2009) (noting that courts must consider any "obvious alternative explanation" when analyzing a complaint's plausibility).

1   Plaintiff's conclusory statements that she was employed by CSXIT; rather, it demonstrated that
2   those conclusory allegations cannot survive under Rule 12(b)(6)—a demonstration Plaintiff has
3   not meaningfully disputed.  Accordingly, CSXIT's Motion should be granted.

**III.   CSXIT'S MOTION TO STRIKE SHOULD BE GRANTED**

As CSXIT further demonstrated in its opening brief, Plaintiff's Complaint improperly seeks injunctive relief and attorneys' fees.  Plaintiff does little to dispute this conclusion.

<u>First</u>, Plaintiff concedes that as a former employee, she is not entitled to injunctive relief. (Opposition at p. 4.)  Curiously, though, she still claims an entitlement to restitutionary disgorgement—which her own Complaint identifies as a form of injunctive relief.  (Compl. ¶ 38 ("Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that Defendant account for, disgorge, and restore to Plaintiff the compensation unlawfully withheld from her.").)  S*ee also SEC v. Rind*, 991 F.2d 1486, 1493 ("[D]isgorgement is a form of injunctive relief.").  By her own admission, Plaintiff is not entitled to injunctive relief, and thus she is not entitled to restitutionary disgorgement.  As such, Paragraph 38 of the Complaint should be stricken or dismissed in its entirety.[2]

<u>Second</u>, following CSXIT's demonstration that none of Plaintiff's claims entitle her to an award of attorneys' fees, Plaintiff points to California Code of Civil Procedure section 1021.5, claiming that a finding that she is an employee would benefit a putative class of employees participating in the *Valadez* matter.  However, because of her alleged significant financial interest in the present suit, this claim fails.

An award of fees under California Code of Civil Procedure section 1021.5 is only appropriate where a litigant has little financial interest in pursuing a claim to enforce a public right.  *See Wang v. Div. of Labor Stds. Enf.*, 219 Cal. App. 3d 1152, 1162 (1990) ("The private attorney general theory recognizes citizens frequently have common interests of significant societal importance, but which do not involve any individual's financial interests to the extent necessary to encourage private litigation to enforce the right.  []  To encourage such suits,

---

[2] Plaintiff clarifies she is not seeking non-restitutionary disgorgement.  (Opposition at p. 4.)

1  attorneys fees are awarded when a significant public benefit is conferred through litigation
2  pursued by one whose personal stake is insufficient to otherwise encourage the action.") (internal
3  citation and quotation marks omitted).  Where a litigant has a large personal stake in the
4  litigation—such as Plaintiff claims to have here[3]—fees under California Code of Civil Procedure
5  section 1021.5 are not appropriate.  *Id.*; *see also Kistler v. Redwoods Cmty. Coll. Dist.*, 15 Cal.
6  App. 4th 1326, 1336–37 (1993) (holding that employees seeking unpaid wages were not entitled
7  to fees); *Flannery v. California Highway Patrol*, 61 Cal. App. 4th 629, 637, (1998) ("While
8  plaintiff's lawsuit was based on the important right to be free from unlawful discrimination, its
9  primary effect was the vindication of her own personal right and economic interest."); *Satrap v.
10 Pacific Gas & Elec. Co.*, 42 Cal. App. 4th 72, 78 (1996) (declining to award fees where
11 "appellant's personal financial stake in the outcome was not so disproportionate to the cost of
12 litigation that the lawsuit would not have been brought without the additional incentive of an
13 award of attorney fees.").[4]

## IV.     CONCLUSION

15     In sum, Plaintiff's Opposition fails to refute the argument and authority demonstrating that
16 her Complaint should be dismissed in its entirety, or that her demands for equitable relief and
17 attorneys fees' should be stricken.  As such, CSXIT's Motion should be granted.

18 Dated: May 18, 2017                                JONES DAY

20                                                   By:   /s/ Amanda C. Sommerfeld
                                                          Amanda C. Sommerfeld
21                                                        Allison E. Crow

22                                                   Attorneys for Defendant
                                                     CSX INTERMODAL TERMINALS, INC.

---

[3] In her Complaint, Plaintiff alleges that she has "suffered damages including . . . a loss of income and benefits" and also seeks damages for "emotional distress" and "other general damages."  (Compl. ¶ 31.)

[4] Further, Plaintiff fails to inform the Court that she is a named plaintiff in the *Valadez* case and is already seeking fees there for the alleged significant benefit she claims to seek now.  Plaintiff seeks nothing more than a second forum in which to litigate her status as an employee versus independent contractor, and seeks to double-dip on fees.  This fact further erodes any purported claim to attorneys' fees.