UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORA LEDESMA,<br><br>        Plaintiff,<br><br>    v.<br><br>CSX INTERMODAL TERMINALS, INC.,<br><br>        Defendant. | Case No. 16-cv-05237-EDL<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Before the Court is Defendant CSX Intermodal Terminals, Inc.'s ("Defendant") motion to dismiss Plaintiff Nora Ledesma's ("Plaintiff") complaint and to strike Plaintiff's claims for injunctive relief, disgorgement, and attorneys' fees. For the reasons discussed below, Defendant's motion is GRANTED. Plaintiff's amended complaint shall be due by July 18, 2017.

**I.    FACTUAL BACKGROUND**

Plaintiff's complaint alleges as follows. Plaintiff brings claims as an employee against her former employer. Dkt. 1, Ex. 3 ("Cmpl.") ¶ 1. She was employed by Defendant as a truck driver for approximately 11 years until her termination in 2014. Id. ¶ 13-14. Throughout that time, Plaintiff was an excellent employee and received an award in 2012 for her work and safe driving. Id. ¶ 15.

On March 11, 2014, Defendant's dispatch office contacted Plaintiff to see if she was available to pick up a load in Victorville, CA. Id. ¶ 16. Plaintiff accepted the assignment. Id. The next day, on March 12, 2014, Plaintiff observed a weather advisory pursuant to which high-profile vehicles were not advised in the Victorville, CA area. Id. ¶ 17. Plaintiff contacted the dispatcher and informed him that, due to inclement weather, she was unable to go pick up the load. Id. ¶18. The dispatcher advised Plaintiff that she was required to complete the assignment, despite

1  the inclement weather. Id. Plaintiff reiterated that she could not complete the assignment because
2  it was too dangerous to do so. Id.

Plaintiff then received a call from her immediate supervisor, Fleet Manager Fernando Jimenez ("Jimenez"). Id. ¶ 20. Like the dispatcher, Jimenez informed Plaintiff that she was required to complete the assignment because she had already accepted it and the trip was set. Id. Accordingly, Plaintiff set off for San Bernardino. Id. ¶ 21. She called the dispatcher to notify him that she was en route. Id.

While Plaintiff was driving, Jimenez called her. Id. ¶ 22. According to Jimenez, the dispatcher had informed Jimenez that Plaintiff told the dispatcher that Jimenez had forced Plaintiff to complete the assignment. Id. Jimenez was furious and yelled at Plaintiff. Id. She informed him that she was willing to complete the assignment, but he responded that she should "just go home." Id. After arriving home, Jimenez notified Plaintiff that she would be terminated. Id. ¶ 23. Plaintiff requested another chance at employment, but Jimenez declined. Id.

## II.   PROCEDURAL HISTORY

Plaintiff filed her complaint on March 10, 2016 in Los Angeles County Superior Court, bringing claims for (i) wrongful termination in violation of California Labor Code Sections 6310 and 6311, and (ii) unfair competition in violation of California Business & Professions Code Section 17200. In connection with her unfair competition claim, Plaintiff seeks "preliminary and permanent injunctive relief, including but not limited to orders that Defendant[] account for, disgorge, and restore to Plaintiff the compensation unlawfully withheld from her." Cmpl. ¶ 38.

Defendant removed the case to the U.S. District Court for the Central District of California, which then transferred the action to this Court. This case is related to putative class action Valadez v. CSX Intermodal Terminals, Inc., Case No. 3:15-cv-05433-EDL. Defendant filed this motion to dismiss and to strike on April 27, 2017, and the Court held a hearing on June 13, 2017.

## III.  LEGAL STANDARD

A complaint will survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if it contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its

2

face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). A court need not, however, accept as true the complaint's "legal conclusions." Iqbal, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. Thus, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

## IV. DISCUSSION

### A. Plaintiff's Employment Status

Defendant moves to dismiss Plaintiff's wrongful termination claim -- as well as her unfair competition claim, which rises and falls with her wrongful termination claim -- for failure to adequately plead employment status. In order to plead wrongful termination in violation of California Labor Code Sections 6310 and 6311, Plaintiff must allege that she was Defendant's employee. See Stanley v. Bobo Const., Inc., No. 14–cv–00035 JAM–EFB, 2014 WL 1400957, at*2 (E.D. Cal. Apr. 10, 2014). The existence of an employment relationship for purposes of a wrongful termination claim is determined according to common law standards. See S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations, 48 Cal. 3d 341, 350-51 (1989). The key factor indicating that a worker is an employee, rather than an independent contractor, is "the right to control and direct the activities of the person rendering service, or the manner and method in which the work is performed." Doe v. Wal-Mart Stores, Inc., 572 F.3d 677, 682-83 (9th Cir. 2009).

Defendant argues that the Court should dismiss Plaintiff's claims because the general statements in her complaint fail to sufficiently allege the control necessary for the existence of an employment relationship. In support of this contention, Defendant cites Wal-Mart, in which the Ninth Circuit upheld the district court's dismissal of the plaintiffs' claim for breach of employment contract because the plaintiffs' general statements that Wal-Mart exercised control over their day-to-day employment were legal conclusions, not factual allegations. 572 F.3d at 683

3

("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity"); see also Bernal v. FedEx Ground Package System Inc., No. 15–01448 DDP2015, 2015 WL 4273034, at *3 (C.D. Cal. July 14, 2015); Michaluk v. Vohra Health Services, P.A., No. CIV S–12–1162 KJM CKD, 2012 WL 3993940, at *2-3 (E.D. Cal. Sept. 11, 2012); Ybarra v. John Bean Technologies Corporation, No. CV–F–11–0288 LJO SMS, 2011 WL 1596121, at *4 (E.D. Cal. April 27, 2011); Harris v. Vector Marketing Corp., 656 F. Supp. 2d 1128, 1136 (2009).

Plaintiff acknowledges that her allegations regarding employment status are "somewhat general," but maintains that the facts asserted -- namely, that she "worked" for Defendant, "was employed by" Defendant, and "was an employee" -- are sufficient to plead an employee-employer relationship.[1] Plaintiff relies on Hillen v. Industrial Accident Commission, which states: "[A]ny person rendering service for another, other than as an independent contractor, or as expressly excluded by the provisions of the act, is presumed to be an employee." 199 Cal. 577, 580 (1926) (affirming Industrial Accident Commission award of workers' compensation benefits to injured worker). Plaintiff alleges she has stated sufficient allegations in the complaint to demonstrate she has rendered services to Defendant, and thus that her allegations are sufficient to present a *prima facie* case.

In addition to the fact that Hillen did not arise on a motion to dismiss, Hillen explicitly limited this definition of "employee" to the worker's compensation context. Id. ("By the terms of the Workmen's Compensation Law . . . [a]ny person rendering service for another, other than as an independent contractor, or as expressly excluded by the provisions of the act, is presumed to be an employee." (citations omitted)). Moreover, the worker's compensation statute uses the same "rendering services" language to refer to both employees and independent contractors, and thus this definition does not help Plaintiff in establishing employment status. See Cal. Labor Code §

---

[1] Plaintiff's argument that she was not required to plead employment status because independent contractor status is an affirmative defense is not well taken. See Bowes v. Christian Record Servs., No. EDCV 11-799 CAS DTBX, 2012 WL 1865712, at *6 (C.D. Cal. May 21, 2012) ("Whether plaintiff is an employee . . . is a legal conclusion [and] . . . must be supported by factual allegations.")

4

3353 ("'Independent contractor' means any person who *renders service* . . ." (emphasis added)).

Plaintiff also relies on a number of summary judgment cases that apply a burden-shifting analysis to determine employment status: "[O]nce the employee establishes a prima facie case, the burden shifts to the employer, which it may prove, if it can, that the presumed employee was an independent contractor." Narayan v. EGL, Inc., 616 F.3d 895, 900 (9th Cir. 2010); Hennighan v. Insphere Insurance Solutions, Inc., 38 F.Supp.3d 1083, 1097, aff'd (9th Cir. 2016); Cotter v. Lyft, Inc., 60 F.Supp.3d 1067, 1077 (N.D. Cal. 2015); Robinson v. George, 16 Cal. 2d 238, 244 (1940) (on motion for nonsuit, fact that individual performs work and labor for another is *prima facie* evidence of employment). These cases are inapposite because they deal with summary judgment -- i.e., whether the plaintiff has presented sufficient *evidence* to establish employment status -- and not a motion to dismiss.

Accordingly, Plaintiff's general allegations regarding employment status are legal conclusions, not factual allegations, and the Court need not accept them as true. Defendant's motion to dismiss Plaintiff's complaint is granted. See, e.g., Wal-Mart Stores, Inc., 572 F.3d at 682-83; Stubbs v. Covenant Sec. Servs., Ltd., No. 15-CV-00888-JCS, 2015 WL 5521984, at *9 (N.D. Cal. Sept. 16, 2015) (dismissal not warranted where complaint "not only allege[d] generally that [defendant] retained the right to control [p]laintiffs' work but also include[d] specific facts illustrating this right to control"); Bowes, 2012 WL 1865712, at *6 (dismissing complaint because "[w]hether plaintiff is an employee . . . is a legal conclusion [and] . . . must be supported by factual allegations. Each of the newly pled allegations, however, are conclusory in nature and are not supported by concrete facts."). Plaintiff may amend her complaint to more specifically allege facts supporting her employment status by July 18, 2017. See Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely give[n]").

### B. Plaintiff's Prayer for Relief

Defendant also moves to strike Plaintiff's request for injunctive relief and attorneys' fees under Federal Rule of Civil Procedure 12(f). However, the Ninth Circuit has held that the legal sufficiency of damages claims must be analyzed under Rule 12(b)(6) rather than Rule 12(f), and various courts have extended this holding to claims for injunctive relief and attorneys' fees. See

1  Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974-75 (9th Cir. 2010) ("Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law"); Grayson v. Cty. of Marin, No. 14-CV-05225-JST, 2015 WL 720830, at *2 (N.D. Cal. Feb. 18, 2015) (extending Whittlestone to injunctive relief); East v. City of Richmond, No. C 10-2392 SBA, 2010 WL 4580112, at *6 n.3 (N.D. Cal. Nov. 3, 2010) (same); J & J Sports Prods., Inc. v. Nguyen, No. 13-CV-02008-LHK, 2014 WL 60014, at *9 (N.D. Cal. Jan. 7, 2014) (extending Whittlestone to claim for attorneys' fees); Rhodes v. Placer Cty., No. 2:09-CV-00489 MCE, 2011 WL 1302240, at *22 (E.D. Cal. Mar. 31, 2011) (same). Accordingly, the Court shall construe Defendant's motion to strike as a motion to dismiss. See Rhodes, 2011 WL 1302240, at *22.

### 1. Injunctive Relief

Defendant contends that Plaintiff, as a former employee, lacks standing to obtain prospective injunctive relief. See Ramirez v. Manpower, Inc., No.: 5:13–CV–2880–EJD, 2014 WL 116531, at *7 (N.D. Cal. Jan. 13, 2014) ("a former employee lacks standing to seek prospective injunctive relief"); Delodder v. Aerotek, Inc., No. CV 08-6044 CAS (AGRx), 2009 WL 3770670, at *3 (C.D. Cal. Nov. 9, 2009) ("plaintiffs lack standing to seek prospective relief under the UCL because plaintiffs do not dispute that they are no longer employees of defendant, and thus, they cannot demonstrate 'a real or immediate threat of irreparable injury' by defendant's employment practices"). Plaintiff concedes that prospective injunctive relief is not appropriate since she is no longer employed by Defendant. Accordingly, Plaintiff's prayer for prospective injunctive relief is dismissed with prejudice.

### 2. Disgorgement

Defendant also challenges Plaintiff's request for disgorgement. In general, restitutionary disgorgement (i.e., disgorgement that returns to the plaintiff that which the plaintiff unfairly lost) can be recovered under Business & Professions Code Section 17200, but non-restitutionary disgorgement (i.e., disgorgement that transfers to the plaintiff that which the defendant unfairly gained) cannot. See Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1152 (2003); Lee Myles Associates Corp. v. Paul Rubke Enterprises, Inc., 557 F. Supp. 2d 1134, 1144 (S.D.

Cal. 2008); <u>Vinci Inv. Co., Inc. v. Mid-Century Ins. Co.</u>, No. SA CV 08-152 AHS (MLGx), 2008 WL 4447102, at *6 (C.D. Cal. Sept. 30, 2008).

Defendant contends that Plaintiff seeks non-restitutionary disgorgement of Defendant's profits.[2] Plaintiff, however, maintains that she seeks only restitutionary disgorgement of unlawfully withheld compensation. Although her complaint could be more explicit, and she may clarify when she amends, the complaint is sufficiently clear that, because "Plaintiff . . . has lost money or property as a result of Defendant's unfair business practices," she seeks an order that Defendant "disgorge[] and restore to Plaintiff the compensation unlawfully withheld from her." Cmpl. ¶¶ 36, 38. Accordingly, Defendant's motion is denied as to Plaintiff's prayer for disgorgement.

### 3. Attorneys' Fees

Defendant first argues that Plaintiff is not entitled to attorneys' fees because her complaint does not identify a statutory or contractual fee-shifting provision that would entitle her to fees. See <u>Bioriginal Food and Science Corp. v. Biotab Nutraceuticals Inc.</u>, No. CV13-5704 CAS EX, 2013 WL 6572573, at *7 (C.D. Cal. Dec. 13, 2013); <u>Logan v. VSI Meter Services, Inc.</u>, No. 10cv2478 L(WMc), 2011 WL 2729069, at *5 (S.D. Cal. July 13, 2011). Plaintiff responds that she is entitled to reasonable attorneys' fees under California Code of Civil Procedure Section 1021.5, which allows prevailing plaintiffs to recover fees if they demonstrate that their lawsuit has conferred a significant benefit on the general public or a large class of persons. Courts have held that wage and hour class actions result in "significant public benefit," entitling successful plaintiffs to attorneys' fees under Section 1021.5, where the class action will benefit all future employees of the defendant. See <u>Sliger v. Prospective Mortgage</u>, 789 F. Supp. 2d 1212, 1221 (E.D. Cal. 2011). Plaintiff argues that, should the Court conclude that she is an employee, this finding would benefit the putative class of employees in <u>Valadez</u>.

---

[2] Defendant also argues that even restitutionary disgorgement is not available to Plaintiff here because restitutionary disgorgement is a type of injunctive relief, and, as discussed above, Plaintiff as a former employee is not entitled to injunctive relief. However, it is only *prospective* injunctive relief that is unavailable to Plaintiff as a former employee. Restitutionary disgorgement is *retrospective* relief, and thus is not unavailable to Plaintiff on this basis.

However, Plaintiff may not seek attorneys' fees under California Code of Civil Procedure Section 1021.5 where the significant public benefit would occur in a *separate* class action. Here, Plaintiff seeks monetary damages and thus has great personal financial interest in the litigation. Accordingly, Plaintiff's claim for attorneys' fees pursuant to Section 1021.5 is dismissed. See Klip v. Marine Spill Response Corp., No. C-11-06496 EDL, 2011 WL 7268192, at *4 (N.D. Cal. Feb. 9, 2011) (wrongful termination "[p]laintiff is not entitled to fees under section 1021.5 because he has not alleged claims that result in benefits for the general public or a large class of persons"). Plaintiff may attempt to amend her complaint to allege facts that would entitle her to Section 1021.5 attorneys' fees, but the Court is doubtful that she will be able to do so in light of her personal stake in this litigation.

## V. CONCLUSION

For the reasons stated above, Defendant's motion is GRANTED IN PART. Plaintiff's prayer for prospective injunctive relief is dismissed with prejudice. Plaintiff may amend her complaint to allege additional facts regarding her employment status and entitlement to Section 1021.5 attorneys' fees by July 18, 2017.

**IT IS SO ORDERED.**

Dated: June 16, 2017

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge